UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB WALTER FARRIS,

    Plaintiff,

    v.   CAUSE NO. 3:22-CV-318-RLM-MGG

MIAMI CORRECTIONAL MEDICAL-EXC,

    Defendant.

OPINION AND ORDER

Jacob Walter Farris, a prisoner without a lawyer, filed a motion asking to reopen this case. This case was dismissed because Mr. Farris didn't respond to a court order even after the deadline was enlarged twice. *See* ECF 11, 13, and 14. The dismissal order explained, "It appears he has abandoned this lawsuit." ECF 15. Based on his promptly filed motion to reopen, it's clear that Mr. Farris didn't choose to stop litigating this case. In the interests of justice, the court will reopen the case and screen the complaint.

The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Farris alleges he was denied constitutionally adequate medical care in February 2022. The complaint names only one defendant: Miami Correctional Medical-Exc. Mr. Farris might be trying to sue Centurion Health of Indiana, LLC, the company contracted to provide healthcare services to inmates at the Miami Correctional Facility. A private company performing a State function can be held liable to the same extent as a municipal entity under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Mr. Farris make no mention of a policy or custom. He hasn't alleged facts from which it can be plausibly inferred that he was denied medical treatment for any reason other than the decisions of individual medical employees. There is no supervisory liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009).

This complaint doesn't state a claim for which relief can be granted. If Mr. Farris believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to

2

write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS the motion to reopen (ECF 18);

(2) VACATES the dismissal order (ECF 15) and judgment (ECF 16);

(3) GRANTS Jacob Walter Farris until **February 16, 2023**, to file an amended complaint; and

(4) CAUTIONS Mr. Farris if he doesn't respond by February 16, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 17, 2023

                                             s/ Robert L. Miller, Jr.
                                             JUDGE
                                             UNITED STATES DISTRICT COURT