UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB WALTER FARRIS,

    Plaintiff,

        v.                          CAUSE NO. 3:22-CV-318-RLM-MGG

MIKE NEVILLE,

    Defendant.

OPINION AND ORDER

Jacob Walter Farris, a prisoner without a lawyer, filed an amended complaint alleging he was denied constitutionally adequate medical care at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Farris alleges he cut the back of his head when he fell and passed out just after midnight on February 12, 2022. He says the laceration was one by two inches and bleeding. Nurse Mike Neville quickly arrived and promptly cleaned and bandaged the wound, but didn't take pictures or give Tylenol or ibuprofen. Someone told Mr. Farris he needed stitches, but no stitches were ever provided. He alleges he

saw another nurse on both of the next two days, but she did not give him any medication or change his bandages. A month later, Nurse Neville came to his cell and examined his head.

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). "To say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996).

> Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations. A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

*Id.* (quotation marks and citation omitted). This is why courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted). "[M]ere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation."

Lockett v. Bonson, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and internal quotation marks omitted). Prisoners are "not entitled to demand specific care," Walker v. Wexford Health Sources, 940 F.3d at 965, or to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997).

Nurse Neville only saw Mr. Farris twice. The first time he promptly cleaned and bandaged the wound. He didn't photograph it, but taking pictures isn't medical treatment and not doing so doesn't amount to an Eighth Amendment claim. Nurse Neville didn't give Mr. Farris pain medication, but the complaint doesn't plausibly allege his pain was so severe that not doing so was blatantly inappropriate – especially since Mr. Farris saw other healthcare providers who also didn't give him pain medication. The complaint doesn't mention whether Mr. Farris was able to purchase pain medication from commissary – and if so, whether he did. It is unclear who told Mr. Farris he needed stitches. It is unclear if Nurse Neville believed he needed stitches or was in any way responsible for him not getting them. The second time Nurse Neville saw Mr. Farris was a month later to inspect the wound. There is no indication doing so was deliberately indifferent. This complaint doesn't state a claim upon which relief can be granted against Nurse Neville.

It appears Mr. Farris only intended to name one other defendant because he says he is only suing two defendants and lists only Nurse Neville and Centurion Health of Indiana, LLC. ECF 22 at 1. However, because he put Miami Correctional Medical-Exc in the caption (the only defendant listed in the original complaint), it is still on the docket. As noted in the prior screening order, "Centurion Health of

Indiana, LLC, is the company contracted to provide healthcare services to inmates at the Miami Correctional Facility." ECF 21 at 2.

As previously explained, a private company performing a State function can be held liable to the same extent as a municipal entity under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). As before, the amended complaint makes no mention of a policy or custom and doesn't state a claim against a corporate entity (no matter how named) because there is no supervisory liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Miami Correctional Medical-Exc and Centurion Health of Indiana, LLC, will be dismissed.

This complaint doesn't state a claim against Nurse Neville, but if Mr. Farris believes he can state a claim against Nurse Neville based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018).

For these reasons, the court:

(1) DISMISSES Miami Correctional Medical-Exc and Centurion Health of Indiana, LLC;

(2) GRANTS Jacob Walter Farris until **March 31, 2023**, to file an amended complaint; and

(3) CAUTIONS Jacob Walter Farris if he does not respond by March 31, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 1, 2023

                                            s/ Robert L. Miller, Jr.
                                            JUDGE
                                            UNITED STATES DISTRICT COURT